IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHARON CHAMBERS, § | | |
| PLAINTIFF, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 4:07-CV-234-Y | |
| § | | |
| MICHAEL J. ASTRUE, § | | |
| COMMISSIONER OF SOCIAL § | | |
| SECURITY, § | | |
| DEFENDANT. § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER

Defendant's Motion to Dismiss [doc. 16] has been referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.   NATURE OF THE CASE

Plaintiff Sharon Chambers filed a claim on behalf of her son for supplemental security income (SSI) child benefits under Title XVI of the Social Security Act. (Def. App. 009). The claim was denied at each stage of the administrative review process, and on August 20, 2004, the Appeals Council mailed a notice to Chambers that her request for review had been denied. (Def. App. 018). Chambers commenced this civil action in the United States District Court on April 19, 2007, seeking

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 1**

judicial review of the Commissioner's decision. 42 U.S.C. §405(g). The Commissioner has filed a motion to dismiss the action as untimely. *See generally* FED. R. CIV. P. 12(b)(6) . Chambers has not filed a response and the time for doing so has expired.

B.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007);[1] *In re Katrina Canal Breaches Litigation*, --- F.3d ----, 2007 WL 2200004, *10 (5th Cir. 2007). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). The factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 127 S.Ct. at 1965.

In considering a motion to dismiss for failure to state a claim, a district court generally must limit itself to the contents of the pleadings, but may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken. *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). The Fifth Circuit has also approved of a district court's consideration of documents attached to a motion to dismiss if the documents are

---

[1] In *Twombly*, the Supreme Court abrogated the widely quoted language in *Conley v. Gibson*, 355 U.S. 41 (1957), that a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1959. The Court explained that the *Conley* opinion was intended to describe the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival. *Id*. at 1960.

referred to in the complaint and are central to the plaintiff's claim.[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000).

C.  DISCUSSION

The Commissioner asserts that this action is time-barred because not commenced within sixty (60) days of Chamber's receipt of notice of the final decision of the Commissioner. Title 42, Section 405 of the United States Code provides in pertinent part:

> **(g)  Judicial review**
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> . . . .
>
> **(h)  Finality of Commissioner's decision**
>
> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C.A. § 405(g), (h). *See also Flores v. Sullivan*, 945 F.2d 109, 111 (5th Cir. 1991). Chambers also acknowledged in her complaint that she was notified that she had sixty days to file a civil action. The sixty-day period is a statute of limitations, which is a condition on the waiver of sovereign immunity and therefore must be strictly construed. *See Bowen v. City of New York*, 476

---

[2] The plaintiffs did not object to the district court's consideration of the attached documents in *Collins*, which was an important factor in the court's approval of that practice. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins,* 224 F.3d at 498-99 (5th Cir. 2000).

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 3**

U.S. 467, 479 (1986).

The Commissioner has clarified the calculation of the limitations period and determined that a civil action must be commenced within sixty days after the individual receives notice of the Appeals Council's decision. 20 C.F.R. § 422.210(c); *Flores*, 945 F.2d at 111. Receipt is presumed to have occurred five (5) days after the mailing of the notice of the final decision, unless the claimant makes a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 422.210(c); *Flores*, 945 F.2d at 111. In the instant case, receipt is presumed to have occurred on August 25, 2004, five days after the mailing of the notice of the final decision. Chambers had sixty (60) days thereafter to file a civil action for judicial review. Accordingly, absent an extension of time or application of a tolling provision, Chambers was required to commence a civil action on or before October 24, 2004 (or the next business day if the deadline fell on a weekend or holiday). *See generally* Fed. R. Civ. P. 6(a) (addressing computation of time prescribed or allowed for an act, event, or default).

Chambers commenced this civil action on April 19, 2007, which is well beyond the limitations period. She has not filed a response to the Commissioner's motion or presented circumstances that might support tolling the limitations period.

## RECOMMENDATION

It is recommended that Defendant's Motion to Dismiss be granted because of Chambers' failure to timely file an action for judicial review.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until September 26, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until September 26, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED SEPTEMBER 5, 2007.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE